# CHARLESTON.

### ALEXANDER *v*. MARLING.

## Submitted June 2, 1898—Decided November 19, 1898.

VERDICT—*Instructions—Jury*.

An instruction in the following language: "If the jury believe from the evidence that the plaintiff is entitled to recover a greater sum than $280, then their verdict should be: (1) We, the jury, find for the plaintiff, and assess his damages at $————. Otherwise, their verdict should be: (2) We, the jury, find for the defendant,"—must be construed to mean that the verdict of the jury should be for such greater sum, inclusive of the sum of two hundred and eighty dollars, and not for the excess of such greater sum after deducting therefrom such sum of two hundred and eighty dollars. (p. 209).

Error to Circuit Court, Ohio County.

Action by E. W. Alexander against John Marling. Judgment for plaintiff. Defendant brings error.

*Reversed.*

FRANK W. NESBITT, for plaintiff in error.
T. M. GARVIN, for defendant in error.

DENT, JUDGE:

E. W. Alexander instituted an action of *assumpsit* in the Circuit Court of Ohio County against John Marling, claiming the sum of nine hundred and sixty-seven dollars, subject to a credit of one hundred and forty dollars. On the 9th day of September, 1896, the defendant filed a special plea tendering one hundred and forty dollars in full satis-

faction of plaintiff's demand, and also the general plea of *non assumpsit*. The plaintiff replied to the general plea, but made no reply as to the special plea, except as shown by the order of the court as follows, to wit: "And the plaintiff, by his attorney, thereupon refused to accept the said sum of one hundred and forty dollars paid into court as aforesaid, and as to the whole of the damages alleged in the said declaration against the said defendant prays judgment whether he ought to have and maintain, and of this he puts himself upon the country." This issue was submitted to a jury, which found for the plaintiff the sum of five hundred and three dollars. The defendant moved to set aside the verdict, but the court overruled his motion, and entered a judgment for the amount found by the jury; and further ordered "that the sum of $140 heretofore paid into court be paid to the plaintiff or his attorney, such sum not constituting a part of the judgment aforesaid." The defendant, after motion made in the circuit court, now complains that such court erred in not crediting the sum of one hundred and forty dollars on the judgment. When the tender was made, the plaintiff did not accept the sum in part satisfaction and reply to the plea generally, but, as the order shows, refused to accept it unconditionally. See sections 2 and 3, chapter 126, Code. Therefore the money, although in the control of the court, still remained the defendant's.

On the trial of the issue the defendant asked and was allowed the following instruction: "The court instructs the jury that if you believe from the evidence that $280 is sufficient compensation for the medical services rendered, and for the board and lodging furnished by the plaintiff to the defendant, then you must find for the defendant." And the court then gave the following instruction on its own motion: "If the jury believe from the evidence that the plaintiff is entitled to recover a greater sum than $280, then their verdict should be: (1) We, the jury, find for the plaintiff, and assess his damages at S————. Otherwise, their verdict should be: (2) We, the jury, find for the defendant." The defendant, in support of his motion, filed the affidavit of the full jury to the effect that this instruction was understood by them to

mean that in making up their verdict they should find for such "greater sum than $280," inclusive thereof. Standing by itself, this is the clear logical and legal meaning of this instruction, although the judge may have had a different intention in his mind. Such intention he might have easily expressed in unequivocal language. In considering the instruction, the jury could not arrive at any other conclusion than that if they found the plaintiff was entitled to a greater sum than two hundred and eighty dollars they should return a verdict for such greater sum, and not for the excess of such greater sum after crediting thereon the two hundred and eighty dollars. It is a general rule that testimony of jurors will not be heard to impeach their verdict because they misunderstood the instruction of the court. Thomp. Trials, § 2405. But in this case the attempt is not made to impeach their verdict, but to show that such verdict is in accord with the plain and literal meaning of the instruction given. Such being the object, their testimony is wholly unnecessary, as the instruction must be construed by itself. The defendant's money was not applied to the plaintiff's debt, nor accepted by him until after the verdict was rendered, and therefore the burden is on the plaintiff to show that the verdict did not include the one hundred and forty dollars, for when the court ordered the one hundred and forty dollars to be paid over to him independent of its judgment on the verdict it virtually rendered a judgment for this amount in his favor, in addition to that already given. The only thing offered to sustain such pretention on his part is the instruction of the court referred to above. This, in its plain, literal meaning, not only does not do so, but sustains the contention of the defendant. For this reason the judgment of the circuit court, in so far as it refused credit to the defendant for said sum of one hundred and forty dollars, is reversed.

*Reversed.*